Argued February 19, affirmed March 10, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

T., *Respondent, and* T. (No. 394438), *Appellant.*

532 P2d 1135

*Martin Schedler,* Portland, argued the cause and filed the brief for appellant.

*Jack L. Kennedy,* Portland, argued the cause for respondent. With him on the brief were Kennedy & King and Robert M. Greening, Jr., Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Wife appeals from provisions of a marriage dissolution decree. Specifically, she claims the court

erred (1) in awarding custody of the children—boys aged nine, seven and six and a girl four—to husband; (2) in allowing for wife's support only $100 per month for four months and $1 for each of the next eight months; and (3) in the division of the property.[1]

The evidence was that each of the parties had extramarital affairs; that husband drank too much; and that they frequently quarreled and were on several occasions physically violent toward one another. Wife abandoned the family by moving out in July 1973. Husband has been a successful salesman, affording the family a high standard of living, yet their financial condition is chaotic, and debts against their assets leave little net. Wife has been emotionally unstable from childhood on.

The trial court listened to extensive evidence which more than amply supports all of the above conclusions. With reference to custody of the children,

---

[1] Husband, having custody of the children, was awarded possession of the home for 18 months. It is worth about $50,000 and is subject to a mortgage with a balance of about $46,000. They paid much money to one of wife's paramours to remodel this house. A large proportion of money spent on the home was from a $31,000 inheritance of wife. Nevertheless, the remodeling, which was superficial, added much to the mortgage indebtedness against the house, but nothing to its value. The decree makes the parties tenants in common in the home, and after 18 months either of them may partition. Wife was awarded the one of their three vehicles with the least mileage, husband the other two. Wife retains ownership of expensive jewelry. Husband was awarded lettered (restricted) stock which will probably be worth about $7,000 several years from now and his interest in a retirement plan worth about $5,000 in the future. Wife was awarded a few items of furniture which she specifically requested, but husband received the bulk of their household furnishings. Husband's typical earnings in recent years have been about $36,000 gross and $18,000 net, according to tax returns. Husband is required to pay their extensive debts and $1,750 attorney fees for wife and her psychiatrist's fee. Wife is capable of earning a modest income at modeling or instructing therein.

in an oral opinion from the bench, the trial judge noted that his function was to award custody in a way that is the least detrimental alternative for them. In this regard, what was said was much like what we repeated from Goldstein, Freud, Solnit, Beyond the Best Interests of the Child 31-33 (1973) in n 1 in *Ellenwood and Ellenwood,* 20 Or App 486, 532 P2d 259 (1975).

At bar, the trial judge went on to say:

"\* \* \* One generation of victims is enough, the Court can't prevent a second generation from being victimized, as it may be it already has been up to today in the [T————] home.

"I suspect none of this will have any substantial effect. I just want it to be said \* \* \* this Court feels that the little [T————] children in the future during the next ten or twelve years will be victimized and will be partially destroyed by these two bad-tempered, misconducting, self-indulgent parents—unless they change their ways."

We can do nothing better, on the basis of the record and the law, than the trial court did after hearing and seeing the witnesses make this long and sad record. This is so, with reference to custody, property division and support.

Affirmed. Costs to neither party.